UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA GARRETT,<br><br>            Plaintiff,<br><br>      v.<br><br>UPS GROUND FREIGHT, INC. and<br>DOES 1 to 20,<br><br>            Defendants. | No.  2:20-cv-02216-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Plaintiff Sierra Garrett's ("Plaintiff") Motion to Remand.  (ECF No. 8.)  Defendant UPS Ground Freight, Inc. ("Defendant") opposed the motion (ECF No. 12), and Plaintiff replied (ECF No. 13).  Also before the Court is Defendant's Motion to Dismiss (ECF No. 9), to which Plaintiff filed a response (ECF No. 16).  For reasons set forth below, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant's motion to dismiss with leave to amend.

///

///

///

///

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she was employed by Defendant from June 13, 2016, until August 30, 2019, and that she performed satisfactory work for Defendant during that time. (ECF No. 1-1 at 6.) On September 8, 2020, Plaintiff filed a complaint in Shasta County Superior Court, asserting claims against Defendant for (1) harassment; (2) retaliation; (3) discrimination; (4) hostile work environment; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) wrongful constructive discharge; and (8) breach of implied covenant. (*See id*. at 6–11.) Though the complaint does not state a specific amount demanded, Plaintiff seeks damages for lost wages and other earnings and benefits; for loss resulting from mental pain, anguish, and emotional distress; for attorney's fees; and for costs of suit herein incurred. (*Id.* at 11.)

On November 4, 2020, Defendant removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 at 3.) Plaintiff filed the instant motion to remand on November 19, 2020, arguing the amount in controversy does not exceed $75,000. (ECF No. 8.) That same day, Defendant filed a motion to dismiss Plaintiff's seventh claim for wrongful constructive discharge under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 9 at 1–2.)

### II.  ANALYSIS

#### A.  Motion to Remand

##### i.  *Standard of Law*

The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction bears the burden of proving diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).

The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins.*

*Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).  If the amount is not facially apparent from the complaint, the Court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

                *ii.  Analysis*

Plaintiff moves to remand based on the amount in controversy, arguing the Court should recognize it is "facially apparent" the case is not worth in excess of $75,000.[1]  (ECF No. 8-2 at 4, (citing *Singer*, 116 F3d at 376).)  In opposition, Defendant argues it has adequately established the required amount in controversy.  (ECF No. 12 at 1.)

In the notice of removal, Defendant filed a declaration of UPS Ground Freight, Inc., Human Resources Business Partner Supervisor Jean Kennedy ("Kennedy").  (ECF No. 1-3.)  Kennedy's declaration attests to Plaintiff's personnel and compensation records, which provide alleged evidence of the amount in controversy exceeding $75,000.  (*Id.*)  Kennedy indicated as of August 31, 2019, Plaintiff was earning $16.50 per hour and worked an average of 27.4 hours a week.  (*Id.*)  Defendant argues this results in economic damages at over $78,000, that emotional distress damages potentially exceed $1 million, and that attorney's fees and costs potentially exceed $150,000.  (ECF No. 12 at 6.)

Plaintiff fails to refute Defendant's evidence in any meaningful way.  (*Id.* at 2.)  Plaintiff argues Defendant has admitted the matter is worth less than $75,000 because Defendant did not accept Plaintiff's offer to compromise for $75,000 on November 19, 2020.  (ECF No. 8-2 at 2–3.)  Plaintiff cites no authority to support the contention that an offer to compromise is dispositive evidence of the amount in controversy.  While a settlement letter can be relevant evidence, it must "reflect a reasonable estimate of the plaintiff's claim[s]." *Cohn v. Petsmart, Inc.*, 281 F.3d 837,

---

[1] Plaintiff does not dispute that there is currently complete diversity of citizenship.  In the notice of removal, Defendant asserts Plaintiff is a citizen of California and Defendant is a citizen of Virginia and Georgia.  (ECF No. 1 at 3.)  Though Plaintiff's counsel vaguely mentions he "will be adding" a non-diverse party as a defendant (ECF No. 8-1 at 2), Plaintiff has not yet filed a properly noticed motion in this Court for leave to amend the complaint.

1  840 (9th Cir. 2002). Here, Plaintiff's offer to compromise is devoid of any details as to how she
2  arrived at the $75,000 amount, and she has provided no evidence to suggest $75,000 is a
3  "reasonable estimate" of her claims. (ECF No. 8-1 at 4–5.) Because Defendant has shown by a
4  preponderance of the evidence that the amount in controversy exceeds $75,000, and Plaintiff has
5  failed to provide sufficient evidence to the contrary, the Court DENIES Plaintiff's motion to
6  remand.

7          B.      Motion to Dismiss
8              i.  Standard of Law
9  A motion to dismiss for failure to state a claim upon which relief can be granted under
10 Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th
11 Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim
12 showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79
13 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice
14 of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S.
15 544, 555 (2007) (internal quotations omitted).

16 If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
17 amend even if no request to amend the pleading was made, unless it determines that the pleading
18 could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,
19 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));
20 *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in
21 denying leave to amend when amendment would be futile). Although a district court should
22 freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to
23 deny such leave is 'particularly broad' where the plaintiff has previously amended its
24 complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.
25 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

26              ii. Analysis
27 Defendant filed a motion to dismiss Plaintiff's seventh claim for wrongful constructive
28 discharge. (ECF. No. 9 at 1–2.) Plaintiff filed a "special appearance" in response but did not file

an opposition. (ECF No. 16.) Plaintiff's counsel was concerned that if Plaintiff appeared in regard to the motion to dismiss, "it may be argued that she has waived her ability to have this Court rule on her motion to remand." (*Id.* at 1.) Plaintiff's response does not address the merits of the motion to dismiss and instead seeks a stay pending a ruling on the motion to remand. (*Id.* at 1–2.) The Court finds that neither Plaintiff's request for a stay nor her response to the motion to dismiss are procedurally proper, and the Court construes Plaintiff's response as a non-opposition. L.R. 230(c).

Regardless, the Court will address the merits of Defendant's motion to dismiss. Plaintiff bases her wrongful constructive discharge claim on California Labor Code § 132a ("§ 132a"). (ECF No. 1-1 at 10.) Defendant rightly argues Plaintiff's claim cannot be predicated on § 132a. *Dutra v. Mercy Med. Ctr. Mt. Shasta*, 209 Cal. App. 4th 750, 755 (2012) ("[A] violation of section 132a cannot be the basis of a tort action for wrongful termination."); *Rubadeau v. M.A. Mortenson Co.*, No. 1:13-cv-339-AWI-JLT, 2013 WL 3356883, at *16 (E.D. Cal. July 3, 2013). Based on *Dutra* and Plaintiff's non-opposition, the Court DISMISSES Plaintiff's seventh claim. Because it is not clear amendment would be futile, the Court grants Plaintiff leave to amend her seventh claim.

### III. CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion to Remand (ECF No. 8) and GRANTS Defendant's Motion to Dismiss (ECF No. 9) with leave to amend.

Plaintiff may file an amended complaint not later than thirty (30) days from the date of electronic filing of this Order. Defendant's responsive pleading is due twenty-one (21) days after Plaintiff files an amended complaint.

IT IS SO ORDERED.

DATED: July 30, 2021

Troy L. Nunley
United States District Judge